IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICHARD A. SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S FIRST AND SECOND MOTIONS IN LIMINE<br><br><br><br>Case No. 2:05-CV-418 TS |

This matter is before the Court on Plaintiff's First and Second Motions in Limine and the government's opposition thereto. Being fully advised, the court will address each issue raised by the Motions in turn.

1.    Plaintiff's Activities at Newspaper.

Plaintiff seeks to exclude testimony regarding non-payment of trust fund taxes during prior employment as unfairly prejudicial, especially where those taxes were eventually paid. The government seeks to admit the evidence to show absence of mistake, proof of motive, and mode of operation.

> Fed.R.Evid. 404(b) generally excludes evidence of other acts for the purpose of proving a person acted similarly on other occasions. This rule applies to

both civil and criminal proceedings, and is based on the assumption that such evidence is of slight probative value yet very prejudicial.[1]

However, such evidence may be admissible if it is for the limited purpose of showing motive or lack of mistake.[2]

The Court finds that such evidence may be admissible under Fed. R. Evid 404(b) if a proper foundation is established. However, the Court does not intend to have a mini-trial on events in Plaintiff's previous employment. Defendant's counsel shall restrict their questions to elicit only proper Rule 404(b) evidence of lack of mistake and motive. Plaintiff may elicit evidence in response to support his position that the facts of the prior situation were very different. If a proper foundation for admission of the testimony about events in prior employment under Rule 404(b) is shown, the Court will give a limiting instruction at the time of the testimony and in its final instruction.

2.  Conversations between Rex and Mark Woodruff

Plaintiff seeks to ask questions of these witnesses about their conversations concerning three specific issues. However, it appears from Plaintiff's Motion that the questions will go beyond whether they had a conversation about one of those issues and, rather, promotes inquiry into the substance of the conversations. The Court agrees with the government that there is insufficient specificity in the Motion for the Court to determine whether the information sought to be elicited would be admissible. Therefore, the Court

---

[1] *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 776 (10th Cir. 1999) (internal citation omitted).

[2] *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1297 (10th Cir. 1998).

DENIES the Motion to admit such evidence without prejudice to its renewal at trial upon a showing of a foundation for its admissibility, outside the presence of the jury.

3.   Impeachment under Rule 609(c)

Plaintiff seeks to introduce evidence of a witnesses' purported criminal conviction under Fed. R. Evid. 609(c). However, Plaintiff fails to show the prerequisites for such evidence. The fact of a witness' prior conviction of a crime is admissible under Rule 609(c) only "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."[3] The Court notes that the 2006 amendments to Rule 609 are now in effect.[4]

Without a showing of an actual conviction and information on the elements of the crime of conviction, the matter of the prior prosecution is not admissible under subsection (a)(2) of Rule 609 and the Court need not address the effect of any dismissal or expungement under subsection (c) of Rule 609.

The Court DENIES the Motion regarding impeachment evidence under Rule 609(a)(2) without prejudice to re-visiting the issue upon a proffer of an adequate foundation under Rule 609(a)(2) outside of the presence of the jury.

4.   Testimony of Granger

In his Second Motion in Limine, Plaintiff seeks to admit the testimony of one Granger as follows:

---

[3] Fed. R. Evid. 609(a)(2).

[4] Effective date Dec. 1, 2006.

### A. Conversation about "Something"

Plaintiff seeks to admit testimony that the witness overheard another individual tell Plaintiff that he needed to do "something" or the company would go out of business. While a statement in the nature of an order or a request is not capable of being true or false and therefore may be admissible to show the effect on the listener,[5] the government has proffered deposition testimony that this witness has no knowledge of the individual at issue telling or directing Plaintiff regarding the issues in this trial. Therefore, there has not been a showing of foundation for the proffered evidence.

### B. Tendered Resignation in 1994

Plaintiff sought to admit testimony regarding the motive for Plaintiff's alleged tender of his resignation in 1994. Again the government submits deposition testimony showing a lack of foundation for such an assertion. Further, according to the government, Plaintiff has now withdrawn this proffer.

### C. Character Trait

Plaintiff seeks to admit testimony of a witness' alleged character under Fed. R. Evid. 608(a). However, the evidence as proffered is not that of "character of truthfulness or untruthfulness," the only character evidence that would be admissible under Rule 608(a).

### D. Hearsay Statement by Plaintiff

Plaintiff seeks to admit testimony that the witness heard him make a statement about why the company was going to go out of business under the state of mind exception.

---

[5]*U.S. v. Nieto,* 60 F.3d 1464, 1468 (10th Cir. 1995) (citing *U.S. v. Cruz*, 805 F.2d 1465, 1478 (11th Cir. 1986)).

The government objects that it is offered to show the truth of the matter asserted.

The Court finds that, comparing the proffered statement and the proffered reasons, Plaintiff has not shown that the statement is not hearsay under the state of mind exception.[6] The proffered statement does not appear to express Plaintiff's then-existing state of mind,[7] but instead appears to have been his opinion about the company's economic performance.

Accordingly, the Court DENIES Plaintiff's Second Motion in Limine as to Granger Testimony.

5.  Toffer Testimony

Plaintiff seeks to admit testimony regarding conversations Mr. Toffer had with Plaintiff, another witness, and unnamed salesmen under the state of mind exception. The government objects on the grounds that the motion is premature, vague, and non-specific, Again, the Court finds that Plaintiff has not shown statements that evidence a declarant's then-existing state of mind. Accordingly, the Court will DENY Plaintiff's Second Motion in Limine seeking to admit the same under the state of mind exception.

---

[6] Fed. R. Evid. 803(3).

[7] *McInnis v. Fairfield Comm., Inc.*, 458 F.3d 1129 (10th Cir. 2006) (explaining state of mind exception).

SO ORDERED.

DATED  December 29, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge