IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICHARD A. SMITH,<br><br> Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br> Defendant. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S THIRD MOTION IN LIMINE<br><br><br>Case No. 2:05-CV-418 TS |

This matter is before the Court on Plaintiff's Third Motion in Limine and the government's opposition thereto. Being fully advised, the Court rules as follows:

1. <u>Exhibits Regarding Plaintiff's Pre-2002 Employment</u>

Plaintiff seeks to exclude the government's Exs. A through G, I, and J as relating to a prior period of employment with Woodruff Printing. Plaintiff objects on the grounds of authentication, relevance as to time, and undue prejudice under Fed. R. Evid. 403.

The government seeks to admit the evidence of Plaintiff's role and authority in the company prior to his departure in 2000, to show the motive, opportunity and intent of the Woodruff family in re-hiring him in 2002 and giving him substantial control over the company during the quarters in question.

1

The Court having considered these exhibits and the parties' objections, finds that, generally, they are marginally relevant to the period in question, that their probative value is substantially outweighed by the danger of confusion of the issues, and that they may mislead the jury.  However, the Court finds that testimony on the authority exercised by Plaintiff during a prior period of employment may be relevant as background to the Plaintiff's authority when he was re-hired.  Therefore, the Court is not foreclosing their limited use for impeachment regarding testimony of authority when he was re-hired.

    2.    <u>E-mails from Plaintiff</u>

Plaintiff seeks to exclude the government's Exs. M and P as double hearsay.  The government argues that they are emails from Plaintiff to the company and are therefore party-admissions and a business record.  In a prior Memorandum Decision, the Court has set forth the standard for showing a business record.  The government has not, as yet, made such as showing.  However, it appears that the emails are party admissions and are relevant to the issues in this case and will be admissible if proper foundation is laid.

    3.    <u>Note from Plaintiff</u>

For the same reasons stated above, the Court finds that Ex. Q, a note from Plaintiff regarding the business, is a party admission and will be admissible if proper foundation is laid.

    4.    <u>Assessment</u>

Plaintiff seeks to exclude the Government's Ex. AA, the certified record of assessments, as unduly prejudicial and cumulative where the amounts of the assessments and the quarters at issue have been stipulated.   The government contends that it is

admissible as a self authenticating document.   The Court finds that Ex. AA is admissible.

5.   Remaining Exhibits

In view of the cursory nature of Plaintiff's Motion regarding the remaining exhibits, the Court will address them briefly.

Ex. BB. Subject to proper authentication, this summary of amounts paid by the company is relevant and admissible.

Ex. FF. The Court reserves ruling for trial in the context of the foundation.

Exs. GG and HH are withdrawn by the government.

Exs. II, JJ, and KK. The Court reserves ruling for trial.

Exs. LL, MM, and NN are admissible as party admissions, but their relevance should be established at trial if proper foundation is laid.

Ex. OO.  The Court reserves ruling for trial.

Ex. ZZ.  Withdrawn by the government.

Ex. AX . The Court reserves ruling for trial.

EXS. BX-FX.  The Court reserves ruling for trial.

SO ORDERED.

DATED  December 29, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge