IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICHARD A. SMITH,<br><br>    Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER ON GOVERNMENT'S MOTION IN LIMINE<br><br><br><br>Case No. 2:05-CV-418 TS |

This matter is before the Court on the government's Motion in Limine and Plaintiff's opposition thereto. Being fully advised, the Court will address each issue raised by the Motion in turn.

1.   <u>Affidavits of Openshaw and M. Woodruff</u>

The government moves to exclude the use of these two affidavits. Plaintiff tacitly concedes the use of the M. Woodruff Affidavit and represents that the Openshaw Affidavit will be used solely for impeachment or to refresh recollection.

The Court GRANTS the government's Motion as to the M. Woodruff Affidavit and the Openshaw Affidavit except that latter may be used upon a proper showing for impeachment or to refresh recollection.

1

2.   Financial Analysis Attached to Plaintiff's Ex. 11

The government moves to exclude any financial analysis that may be attached to Plaintiff's Ex. 11. Plaintiff does not oppose exclusion of such analysis. The Court GRANTS the government's Motion in Limine on the analysis and excludes the same.

3.   Loan Documents

The government moves to exclude the loan documents for lack of authenticity. Plaintiff says that the loan documents constitute a business record. The proponent of a document as a business record under Fed. R. Evid. 803(6) must lay a proper foundation for its admission.[1]

> To satisfy Rule 803(6), "a document must (1) have been prepared in the normal course of business; (2) have been made at or near the time of the events it records; . . . (3) be based on the personal knowledge of the entrant or of an informant who had a business duty to transmit the information to the entrant;" and (4) not have involved sources, methods, or circumstances indicating a lack of trustworthiness.[2]

The Court reserves ruling on the loan documents subject to a proper foundation at trial.

4.   Beckstead Testimony

The government objects to the Beckstead testimony because he admitted in his deposition that he had no personal knowledge of the events at issue. In particular, the government objects to any testimony by Beckstead as to what Plaintiff told Beckstead that

---

[1] *U.S. v. Gwathney*, 465 F.3d 1133, 1140-41 (10th Cir. 2006).

[2] *Id.* (quoting *Hertz v. Luzenac America, Inc.*, 370 F.3d 1014, 1017 (10th Cir. 2004) (quotation omitted).

Plaintiff had told Mark Woodruff and what Plaintiff said to Beckstead in advising him to look for a new job. Plaintiff contends that it is relevant to his state of mind as to his authority at Woodruff Printing.

The Court finds that the testimony as proffered is generally without foundation and constitutes hearsay. The only exception is Plaintiff's statement to Beckstead that the company was likely to fail as evidence that Plaintiff's state of mind was that the company would fail. However, as noted in the Court's prior Memorandum, the state of mind exception allows testimony as to the then existing state of mind, but not statements explaining why the declarant had that state of mind.[3] Accordingly, the Beckstead testimony is EXCLUDED except to the extent discussed above.

5. <u>Grainger Testimony</u>

A. Russon statement

The government seeks to exclude as hearsay Mr. Grainger's testimony about statements allegedly made to him by Mr. Russon about a meeting where Mr. Russon, Mr. M. Woodruff, and Plaintiff allegedly discussed the taxes. Mr. Russon is not scheduled to be a witness at trial.

Plaintiff contends that the evidence is offered to show that there was a meeting between Russon, M. Woodruff, and Plaintiff wherein they discussed non-payment of the taxes and also to show that Mark Woodruff intended to pay vendors instead of the taxes. The second of these reasons is, of course, for the proof of the matter stated.

---

[3]Fed. R. Evid. 803(3); *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1143-44 (10th Cir. 2006) (explaining application of state of mind exception).

The Court finds that Mr. Granger's testimony that Mr. Russon told him he was at a meeting about the unpaid taxes with Plaintiff and Mr. Woodruff may be admissible to show that such a meeting took place. However, the proffered testimony as to what Mr. Woodruff said at the meeting is offered for the truth of the matter and is therefore excluded as hearsay.

      B.      Conversation About Something

This issue was decided in a prior Memorandum Decision.

      C.      1994 Taxes

This issue was decided in a prior Memorandum Decision.

      D.      Character Evidence

This issue was decided in a prior Memorandum Decision.

      E.      Statement by Plaintiff About Going Out of Business

This issue was decided in a prior Memorandum Decision.

6.      <u>Non-payment of State Employment Taxes</u>

The government seeks to exclude evidence regarding non-payment of state employment taxes, the ensuing investigation by the Utah State Tax Commission, and any determination regarding liability for such state employment taxes as irrelevant to the issues in the present case.

Plaintiff does not oppose the motion to exclude such evidence. It appears to the Court that such evidence is not relevant to the issues in this trial and have a great potential to confuse the jury. Accordingly, the government's Motion in Limine is GRANTED as to evidence regarding non-payment of state employment taxes, the ensuing investigation by

the Utah State Tax Commission, and any determination regarding liability for such state employment taxes.

    SO ORDERED.

        DATED  December 29, 2006.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge