IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICHARD A. SMITH, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S FOURTH MOTION IN LIMINE <br><br><br><br><br> Case No. 2:05-CV-418 TS |

This matter is before the Court on Plaintiff's Fourth Motion in Limine and the government's opposition thereto. Being fully advised, the Court rules as follows.

1.   Plaintiff's Loan to Elkins

Plaintiff seeks to exclude evidence that Plaintiff loaned Mr. Elkins $29,000 in September 2003 for the purpose of purchasing Woodruff Printing's assets on the grounds that it is irrelevant, implies that the loan was made with company money, and would be confusing to the jury.

The government contends that the evidence is relevant to Plaintiff's alleged motive to prefer trade creditors over the payment to the government of the withheld taxes.

The Court finds that evidence is relevant to the government's theory of the case and

1

will not be confusing to the jury.  Plaintiff is free to present his position on the source of the funds as not being company funds. Accordingly, Plaintiff's Motion in Limine to exclude the testimony regarding the Elkins loan is DENIED.   However, the Court again reminds the parties that it does not intend to waste the jury's time with a mini-trial on events that are peripheral to the main issue in this case.

Elkin's Testimony of Statements by Others

Plaintiff seeks a ruling that proposed testimony by Mr. Elkins recounting statements made by either Plaintiff or by Mr. Woodruff are admissible to show that Mr. Woodruff's and Mr. Elkin's state of mind.  The government objects on the grounds that their states of mind are not relevant to this case.

The Court previously discussed the hearsay rule's state of mind exception in a prior Order.[1]  As in the prior Motions, in this Motion Plaintiff has not shown that the proffered statements are not hearsay under the state of mind exception.[2]  Rule 803(3), specifically excludes from the exception "a statement or memory or belief to prove the fact remembered or believed."[3]  Thus, "803(3) 'does not permit the witness to relate any of the declarant's statements as to why [the declarant] held the particular state of mind, or what

---

[1] Memorandum Decision and Order on Plaintiff's First and Second Motions in Limine, at 5.

[2] Fed. R. Evid. 803(3).

[3] *Id*. "A statement of the declarant's then existing state of mind, (such as intent, plan, motive design, mental feeling, . . . ) but not including a statement of memory or belief unless it relates to the execution, revocation, identification, or terms of declarant's will."

[the declarant] might have believed that would have induced the state of mind.'"[4] Thus, the state of mind provable by a hearsay statement may not "serve as the basis for the inference of the happening of the event which produced the state of mind."[5] Accordingly, because Plaintiff has, as yet, failed to show that the statements fall within the state of mind exception, Plaintiff's Motion is DENIED. However, the Court makes no ruling as to any testimony by Mr. Elkins regarding his own personal knowledge of control of the company, subject to a proper foundation of such personal knowledge.

SO ORDERED.

DATED January 2, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *McInnis v. Fairfield Comm., Inc.*, 458 F.3d 1129, 1143 (10th Cir. 2006) (explaining state of mind exception) (quoting *United States v. Joe*, 8 F.3d 1488, 1493 (10th Cir. 1993)).

[5] *Id.* at 1144 (quoting Fed. R. Evid. 803(3) Advisory committee's note) (stating that such exclusion is necessary to avoid the "virtual destruction of the hearsay rule which would otherwise result").