IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RICHARD A. SMITH,<br><br>     Plaintiff,<br><br><br><br><br>     vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>     Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL<br><br><br><br><br>Case No. 2:05-CV-418 TS |

The jury found that Plaintiff Richard Smith was a "responsible person" for collecting and paying over Woodruff Printing's employees' withheld income and social security taxes and that he willfully failed to do so.  Plaintiff seeks a new trial alleging errors in the jury instructions.

Fed. R. Civ. P.  59(a) provides that: "A new trial may be granted to all or any of the parties on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the Courts of the United States."   "The party seeking to set aside a jury verdict must

1

demonstrate trial errors which constitute prejudicial error."[1]   Plaintiff contends that the Court made four errors in jury instructions.  He contends that the Court erred by: (1) failing to give his Proposed Instruction No. 2 regarding loaning money to a corporation;[2] (2) failed to give his Proposed Instruction No. 6 regarding "mere" check writing authority; (3) erred in giving the Court's  Instruction No. 20 because it was in the disjunctive,[3] and (4) that Instruction No. 20 conflicts with Instruction No. 21.   The United States contends that the Instructions were proper and also contends that Plaintiff waived his objection to the purported conflict between  Instructions Nos. 20 and 21 by failing to raise it during the jury instruction conference.

The Court finds no error in not giving the disputed portion of Plaintiff's Proposed Instruction No. 2.  That disputed language would have added a non-exclusive list of factors of importance in defining "responsible person," including: "whether a person loaned money to the corporation from his personal funds."  The Court declined to use this language as the elements were correctly stated in Instructions Nos. 20 and 21.  Further, there was no evidence that Plaintiff made a loan to the corporation.   It was Plaintiff's status as a responsible person that was at issue, not that of the person who lent money to the corporation.  "Section 6672 does not confine liability for the unpaid taxes only to the single

---

[1]*White v. Conoco, Inc.*, 710 F.2d 1442, 1443 (10th Cir. 1983).

[2]Plaintiff's proposed jury instructions are filed at Docket No. 81.

[3]Docket No. 132, Jury Instructions.

2

officer with the greatest or the closest control or authority over corporate affairs."[4]

The Court finds no error in not giving Plaintiff's Proposed Instruction No. 6 regarding check-writing as the Instructions already accurately stated the law on this subject.  The Court rejects Defendant's argument that Instruction No. 20 implied that "mere check writing authority" was a sufficient basis for finding a person was a responsible party.

The Court also rejects Plaintiff's argument that the first paragraph of Instruction No. 20 failed to state the power needed for responsibility in the conjunctive because that is contrary to the law.

Plaintiff also contends that the instructions are conflicting because the first sentence of Instruction No. 20 uses the disjunctive "or" and the first paragraph of Instruction No. 21 uses the conjunctive "and."  The two sentences alleged to be conflicting are as follows:

> The term "responsible person" includes any person who is connected or associated with the corporation-employer in such a manner that he has the power to see that the taxes are paid, or the power to make decisions concerning the corporation, or determines that creditors are to be paid and when they are to be paid.[5]

> A corporate officer or employee is a responsible person if he or she has significant, though not necessarily exclusive, authority in the general management and fiscal decision-making of the corporation.[6]

There is no conflict in the instructions as Instruction No. 21 is merely an explanation of the circumstances in which a person may be a "responsible person."

---

[4]*Denbo v. United States*.  988 F.2d 1029, 1033 (10th Cir. 1993) (quoting *Gephart v. United States*, 818 F.2d 469, 476 (6th Cir. 1987))

[5]Instruction No. 20 (from 3B Kevin F. O'Malley, et al., *Federal Jury Practice and Instructions* Civil § 163.441 (5th ed. 2001)).

[6]Instruction No. 21 (quoting *Denbo*, 988 F.2d at 1032).

Further, even if Plaintiff were correct in his assertion of a purported conflict, it would not entitle Plaintiff to a new trial for the following reasons.  First, the Court agrees with the government that under Fed. R. Civ. P. 51, Plaintiff waived objection to this issue by not specifically objecting on the ground of a conflict in instructions.  Plaintiff contends that there was a timely objection.  However, Plaintiff's cite to his written or oral objections on another ground[7] does not support his argument that he objected on the ground of the purported conflict.  Plaintiff also contends that he raised the issue earlier in his own proposed instructions and in his objections to Defendant's proposed instructions.  However, the issue he raised earlier was his argument that Instruction No. 20 was a misstatement of law because it was not conjunctive,[8] not that there was a conflict between the first sentences of Instructions Nos. 20 and 21.  This is not a sufficient objection because it did not inform the Court of Plaintiff's current position that the specific parts of the Instructions conflict and, therefore, Plaintiff did not meet the requirement of Rule 51(c)(1) that an objection to an instruction must state "distinctly the matter objected to and the grounds of the objection."[9]

Plaintiff contends that it is not fair for the government to be able to raise the waiver

---

[7]Namely his argument that the first sentence of Instruction No. 20 is an incorrect statement of the law on the ground that it was not stated in the conjunctive.  *See* Docket No. 86, at 5 (objecting to government's proposed instruction on grounds that test should be conjunctive) and Trans. at 7-8 (discussing Plaintiff's proposed modifications first sentence of Instruction No. 20, but not suggesting that it was inconsistent with first sentence of Instruction No. 21).

[8]*E.g.* Docket No. 86, Pl.'s Obj. to Def.'s Proposed Instructions, at 5.

[9]*See also Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1241 (10th Cir. 2004) (applying Rule 51(c)(1) and finding objection not preserved for appeal because objection not properly specific).

issue in its sur-reply.  However, as the Plaintiff did not raise this purported conflict until his Reply brief,[10] there was no reason for the government to assert waiver before then.

The Court finds that both parts of the now-claimed conflicting instructions consist of language proposed by Plaintiff.  The first sentence of Instruction No. 21 was proposed by Plaintiff in his Proposed Instruction No. 2.[11]  The first sentence of Instruction No. 20 was included in the proposed modified version of Instruction No. 20 proffered by Plaintiff at the instruction conference.  As explained in footnote seven, Plaintiff suggested modifying other parts of the sentence but in his proffered Modified No. 20 did not suggest modifying the sentence to change the use of the disjunctives or suggest that it conflicted with the first sentence of Instruction No. 21.

Because Plaintiff waived objection to the purported conflict, it could only be considered for "plain error."[12]  "Plain error" is "patently plainly erroneous and prejudicial."[13] No prejudicial error occurred as a result of the Court's Instructions Nos. 20 and 21 because they accurately state the law and are not confusing.

For the foregoing reasons, it is therefore

---

[10]Docket No. 134, at 5.

[11]Docket No. 81, at 2.

[12]Fed. R. Civ. P. 51(d)(2).

[13]*Giron v. Corrections Corp. of Am.*, 191 F.3d 1281, 1289 (10th Cir. 1999).

ORDERED that Plaintiff's Motion for A New Trial (Docket No. 131) is DENIED.

DATED  August 28, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge